UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case No. 10-20023

v.

                                HON. GEORGE CARAM STEEH

D-1  KEVIN JAMES DOWNS,

        Defendant.

_____/

<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION TO
SUPPRESS AND MOTION TO DISMISS INDICTMENT</u>

Before the Court are Defendant's motion to suppress illegally seized evidence and statements (Dkt. 12) and motion to dismiss Indictment due to excessive pre-indictment delay (Dkt. 13). Oral argument occurred at a hearing on these motions on August 16, 2010. For the reasons that follow, the Court DENIES Defendant's motion to suppress illegally seized evidence and statements and motion to dismiss Indictment due to excessive pre-indictment delay.

**<u>BACKGROUND</u>**

On August 14, 2006, Officer Parra prepared and submitted an affidavit to the state court magistrate setting forth facts concerning Defendant and 2621 Gray Street, Detroit, Michigan. The affidavit describes Parra's background as a member of the Detroit Police Department and the Violent Crime Task Force. The affidavit states Officer Parra was contacted by a source on August 14, 2006. The source provides information to the Violent Crime Task Force on a regular basis, and is described in the affidavit as credible and reliable. The source stated that he/she saw an assault rifle at

the Downs residence, 2621 Gray Street. The source also reported that Downs is a convicted felon. Officer Parra independently confirmed that Downs is a convicted felon and was, at the time of the affidavit, on probation. Officer Parra also independently confirmed the address for Downs – 2621 Gray was listed by Downs as his residence in a police report.

Based upon Officer Parra's affidavit, the search warrant request was approved by the Wayne County Prosecutor's office and signed by a Magistrate of the 36th District Court, Detroit, Michigan on August 14, 2006. The search warrant lists eight categories of property, including "[a]ll firearms," drugs and drug-related items, "[d]ocuments of residency," and "[a]ny evidence or indicia of crime."

On August 18, 2006, officers from the Detroit Violent Crimes Task Force executed the search warrant at the Gray Street residence. During the search, officers found: (1) one polytechnologies 7.62 cal. rifle, Model AKS762, serial number CW-10876; (2) one Smith and Wesson 38 cal. gun, Model 37 Airweight, serial number J66888 loaded with three live rounds and two spent; (3) firearm magazines and ammunition; and (4) residency documents in the name of Downs.

Following the search, the government claims an officer spoke with Downs and advised him of his constitutional rights. Downs told the officer that he obtained the rifle from James Lewis, who bought the firearm for $350 but was sent back to prison. Downs then kept the rifle. Downs told the officer he obtained the gun from Maurice Reed, who had a permit to carry the firearm and told Downs to keep the firearm at his house.

An Indictment was returned on January 14, 2010 charging Defendant Kevin

Downs with felon in possession of a firearm (Count One) and felon in possession of ammunition (Count Two).

**ANALYSIS**

**Motion to Dismiss Indictment**

Defendant filed a motion to dismiss the Indictment due to excessive pre-indictment delay, alleging violation of the due process clause. An Indictment was returned on January 14, 2010 charging Defendant Kevin Downs with felon in possession of a firearm and ammunition, but the seizure of the firearms and ammunition took place on August 18, 2006.

An indictment may be dismissed for pre-indictment delay when a defendant shows (1) actual or substantial prejudice to the defendant's right to a fair trial; and (2) the government intentionally delayed indictment to gain a tactical advantage. United States v. Wright, 343 F.3d 849, 859 (6th Cir. 2003). If a defendant fails to show prejudice, the court need not consider the second part of the due process test. Id. at 860.

Defendant claims he is prejudiced by the delay because he has had difficulty finding material witnesses, the memories of other witnesses will have faded, and he will be forced to testify in his own defense. The government argues that Defendant's arguments are speculative. There were no other individuals in the house at the time the warrant was executed and Defendant has failed to identify any potential witnesses to present a defense on his behalf. The officers are available to testify and Defendant may cross-examine them concerning their roles in the execution of the search warrant.

Defendant also claims that if the charges would have been brought earlier, he would have been able to cooperate with the government in the investigation and prosecution of others. The government notes that Defendant's allegation is speculative and that Defendant still has the opportunity to cooperate with the government if he chooses to do so.

Defendant has failed to make the requisite showing that his right to a fair trial has been prejudiced by the government's delay. He has not identified witnesses or evidence lost as a result of the delay and his arguments regarding opportunities for cooperation are speculative. Because Defendant failed to satisfy the first requirement for obtaining dismissal of his Indictment, the Court need not consider the government's reasons for delay. Defendant's motion to dismiss the Indictment due to excessive pre-indictment delay is denied.

**Motion to Suppress**

Defendant filed a motion to suppress evidence obtained from his residence located at 2621 Gray Street, Detroit, MI, and statements made following the search of his residence. Downs claims the search was not supported by a valid warrant or probable cause as the affidavit supporting the warrant did not contain sufficient details to support a probable cause finding, the warrant was overly broad, and the warrant did not state its effective time period or provide execution procedures. Downs also alleged he was not advised of his Miranda rights, although at the hearing on this matter he argued the statements made following the search should be excluded as the result of an illegal search.

I. Search Warrant

The Fourth Amendment requires that a search or seizure be supported by probable cause, which is defined as "reasonable grounds for belief, supported by less than *prima facie* proof but more than mere suspicion." United States v. Abboud, 438 F.3d 554, 571 (6th Cir. 2006) (quoting United States v. Padro, 52 F.3d 120, 122-23 (6th Cir. 1995)). An affidavit in support of a search warrant "must contain facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search." Abboud, 438 F.3d at 571 (quoting United States v. Frazier, 423 F.3d 526, 531 (6th Cir. 2005)). A court reviewing probable cause must look at the "totality of the circumstances" establishing probable cause, which is a "practical, non-technical conception that deals with the factual and practical considerations of everyday life." Abboud, 438 F.3d at 571 (quoting Frazier, 423 F.3d at 531). The reviewing court should also give great deference to the magistrate judge's finding of probable cause. Id*.;* United States v. Allen, 211 F.3d 970, 973 (6th Cir. 2000).

The Court finds the warrant affidavit contains enough facts and corroboration by Officer Parra for a probable cause finding relating to the items seized. The affidavit provides that the informant contacted Officer Parra on August 14, 2006, the informant saw an assault rifle in the house located at 2621 Gray, and the informant reported that 2621 Gray was the residence of Kevin Downs. The informant also stated that Downs is a convicted felon. The affidavit states the informant was "a credible and reliable source [who] provides information to the Violent Crime Task Force on a regular basis" and the informant has led the Violent Crime Task Force to numerous narcotic seizures and to the apprehension of fugitives wanted for murder and violent assaults. The affidavit also

provides that Officer Parra confirmed that Kevin Downs is a convicted felon and that Downs listed his address as 2621 Gray following a May 5, 2006 police report. The affidavit also states that Downs is currently on probation and must not use any object as a weapon, must not own or possess any weapon, must not own or possess any ammunition or firearm components or be in the company of anyone he knows to possess any of these items. Officer Parra, as affiant, stated that Downs was therefore in violation of his probation and requested permission to remove the assault rifle and other contraband items. The "totality of the circumstances" represented in the affidavit provides probable cause for a search for residency documents, firearms, and items related to the firearms (i.e., the firearm magazines and ammunition) in the Downs residence.

Defendant argues a lack of probable cause because (1) the warrant affidavit did not state when the informant saw a firearm at the location and the information was "stale"; (2) the affidavit did not state where the gun was located within the home; (3) the affidavit did not state whether Downs was storing a firearm at his home (i.e., whether the firearm was in the home temporarily or permanently); (4) the affidavit did not state whether the informant saw ammunition being kept in the home; and (5) the affidavit did not state that Defendant possessed the firearm or knew of its presence. As discussed above, there is probable cause for a search for firearms based on the "totality of the circumstances" presented in the warrant affidavit; Defendant's arguments regarding specific details missing from the affidavit do not lead the Court to conclude otherwise. The Court notes that Defendant is correct in asserting that the affidavit does not state the date on which the informant saw the assault rifle at the Downs residence. However,

the affidavit does provide that the informant *contacted* Officer Parra on August 14, 2006 and that the informant provided information to the Violent Crime Task Force "on a regular basis." The government argues that the combination of these averments in the affidavit yields an implicit inference that the information provided was based on very recent observations of the informant. While such a conclusion is not mandated, it is also not illogical or irrational. In evaluating whether information is stale, courts consider, among other factors, whether the item to be seized is "perishable and easily transferable or of enduring utility to its holder" and whether the place to be searched is a "mere criminal forum of convenience or secure operational base." United States v. Greene, 250 F.3d 471, 481 (6th Cir. 2001) (quoting United States v. Spikes, 158 F.3d 913, 923 (6th Cir. 1998)). In this case, the item to be seized (a firearm) is not perishable and the place to be searched is a home. A home is a "secure operational base." See United States v. Yates, 132 F.Supp.2d 559, 565 (E.D. Mich. 2001) (concluding that search warrant information was not "stale" when "[t]he place to be searched was the defendant's home, suggesting that there was some permanence to the defendant's base of operation.") The Court therefore concludes that the information was not stale when the search warrant was issued.

Defendant also argues the warrant is "an overly broad general warrant which authorized the search and seizure of items which were not mentioned in the search warrant affidavit." The appropriate remedy for an "overbroad" warrant is to sever only the infirm portion of the warrant from the remainder of the warrant that passes constitutional muster. United States v. Blakeney, 942 F.2d 1001, 1027 (6th Cir. 1991). See also United States v. Wright, 343 F.3d 849, 863-64 (6th Cir. 2003) (denying motion

to suppress based on allegation that agents conducted a general search as items seized were related to the information provided in the affidavit attached to the warrant). Here, the affidavit included enough information to create probable cause to believe that an assault rifle might be found at the house. In addition, the affiant attested that defendant is a felon and any firearm in his possession would constitute contraband. The seizure of the ammunition, firearm magazines, and residency documents was appropriate as it "reasonably related to the offense which formed the basis for the search warrant." Id. at 863 (quoting United States v. Brown, 49 F.3d 1162, 1169 (6th Cir. 1995)). Under the deferential standard applicable here, there is no error in the magistrate judge's probable cause finding relating to the items seized.

Defendant also argues the warrant is invalid as it did not state its effective time period or provide procedures to be used in its execution. Defendant fails to provide any legal authority for his argument. It appears the officers utilized standard procedures in executing the warrant and acted within days of its receipt.

Because the Court finds probable cause existed for the seizure of residency documents, firearms, and items related to the firearms, the Court need not address the good faith reliance exceptions set forth in United States v. Leon, 468 U.S. 897, 920-21 (1984).

II. Statements Made by Downs

Defendant alleges that he "was questioned and made incriminating statements, without being advised of his Miranda rights." However, Defendant does not explain the factual basis for this allegation in his brief. The government asserts that Agent Herndon orally gave Defendant his *Miranda* rights prior to speaking with him. During the hearing

8

on Defendant's motions, Defendant argued the statements should be excluded *as the result of an illegal search*. Since the Court finds probable cause for the search, Defendant's request to suppress statements made following the search is denied.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion to suppress illegally seized evidence and statements (Dkt. 12) and motion to dismiss Indictment due to excessive pre-indictment delay (Dkt. 13) are denied.

SO ORDERED.

Dated: September 10, 2010

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 10, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---